UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORRYE J. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00762-CDP |
| | ) | |
| CVS HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Corrye J. Young's response to the Court's Order to Show Cause (ECF No. 6). For the following reasons, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

Plaintiff brings this civil complaint against Defendant CVS Health, alleging its pharmacist injured her while administering a shot at the CVS Health pharmacy. Plaintiff alleges that on October 5, 2024, the pharmacist gave her a shot, but the needle broke and the contents of the vial sprayed on both her and the pharmacist. She states that she suffers from pain at the injection site and uncomfortable numbness in her arm during work or sleep. Because of the injury, she prefers not to use that arm. She participates in physical therapy and uses over-the-counter pain medications to control the pain. For relief, she seeks reimbursement of her medical expenses, which total $1,800, and compensation for pain and suffering and future physical therapy.

On June 23, 2025, the Court entered an order requiring Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* ECF No. 5. The Court noted that Plaintiff's complaint did not arise under the Constitution, laws, or treaties of the United States, and therefore no federal question jurisdiction existed. Further, Plaintiff had not alleged any diversity of citizenship between the parties nor met the jurisdictional amount. *See id.* In response,

Plaintiff filed a letter to the Court detailing her interactions with the pharmacist, the local CVS pharmacy, Pfizer, and a risk management officer from CVS Health. *See* ECF No. 6.

The factual allegations in Plaintiff's response do not establish either federal question or diversity jurisdiction under 28 U.S.C. § 1331 or § 1332. For this reason, and for those stated in the Court's Memorandum and Order to Show Cause dated June 23, 2025, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.[1]

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of August, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that to the extent Plaintiff alleges personal injury or negligence, these actions arise under Missouri state law and may be filed in Missouri state court. Because the Court has no jurisdiction over these state law claims, it expresses no opinion as to their merits.